## The Nellie Flagg.

*(District Court, N. D. New York.* May 12, 1885.)

Towage—Negligence—Injury to Canal-Boat in Lock.
    On examination of the evidence in this case, *held,* that negligence on the part of the steam-tug Nellie Flagg, causing the injury to the canal-boat William A. Rundell, was not shown, and that the libel should be dismissed.

In Admiralty.

*J. F. Mosher,* for libelant.

*E. W. Douglas* and *E. L. Fursman,* for claimant.

Coxe, J. The libelant, Charles P. Moore, as master of the canal-boat William A. Rundell, contends that on the eighteenth day of November, 1882, at West Troy, New York, while his boat was being towed by the steam-tug Nellie Flagg, she was injured by the careless and unskillful navigation of the tug, in running her against the center pier, which divides the locks between the Hudson river and the State Basin at that point. Through one of these locks it was necessary for the canal-boat to pass in order to reach her destination. The claimant insists, *inter alia,* that the injury was caused, after the tug had cast the canal-boat loose, by the negligence of the libelant in permitting her to strike, stem on, against the bucking-beam of the lock. The evidence sufficiently establishes the following propositions:

*First.* While the canal-boat was in charge of the tug, her lowest guard, at the corner of the port-bow, came in contact with the north-west corner of the pier. *Second.* After the tug had left her she struck the bucking-beam of the lock, stem on. This the libelant admits. *Third.* The leak was not discovered until she was in the lock. *Fourth.* After being put on the dry-dock, it was

found that there was an opening on the port-bow from 18 inches to 2 feet below the lowest guard, at the upper edge of the corner-streak, on the turn coming up to the side from the bottom of the boat. The seam, for a distance of from four to five feet, had opened sufficiently to permit the oakum to be drawn out and cause the leak.

Even if it be assumed that the blows were equally severe, how can the court determine, upon this proof, which of the two opened the seam? Upon what theory can it be said that this was done prior to the entry into the lock? And yet, remembering that the burden is upon the libelant, it is incumbent upon him to satisfy the court, by evidence having greater weight than that offered by the claimant, that the blow at the pier occasioned the damage of which he complains.

It is thought that there is no way of ascertaining, with any degree of certainty, that the tug caused the injury. To say that she did do so would be to substitute inference for proof. The strongest statement permissible from the evidence is that she might have done so. But speculation and conjecture have no place in an investigation of this character. If, then, the proof were equally balanced between the two theories, it is quite clear that the libelant could not recover.

The claimant has, however, established, by a preponderance of evidence, that the injury was inflicted in the lock. The only expert witness called—the boat-builder who repaired the canal-boat—was clearly of the opinion that the opening of the seam was caused by a blow on the stem, and that it was improbable, if not impossible, that it could be caused by a blow of the character described by the libelant.

The evidence is conflicting as to the manner in which the tug landed the boat at the pier. That there was nothing unusual about it is maintained by a majority of the witnesses. Even if she struck the pier with more than ordinary force, there can be little doubt that the blow was a glancing one, and that the first seam above the corner-streak, where the leak occurred, was nearly two feet below the point of contact, and could not possibly have come in direct collision with the pier. Add to this the fact that, on the testimony, the collision at the bucking-beam was the severer of the two, and that after it occured the leak was first discovered, although the blow at the pier was given some 20 minutes before, and the presumptions point with great clearness to the claimant's contention that the negligence which caused the injury must be imputed to the libelant.

It follows that the libel must be dismissed, with costs.